

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2004

# USA v. Albinson

Precedential or Non-Precedential: Precedential

Docket No. 01-1265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Albinson" (2004). *2004 Decisions.* Paper 1036.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1036

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1265

UNITED STATES OF AMERICA

v.

STANLEY A. ALBINSON,

Appellant

On Appeal from the
United States District Court for the
Eastern District of Pennsylvania
D.C. Criminal No. 95-cr-00019
(Honorable Lowell A. Reed, Jr.)

Argued October 28, 2003

Before: SCIRICA, *Chief Judge*,
NYGAARD and AMBRO,
*Circuit Judges*

(Filed January 27, 2004)

JENNIFER B. SAULNIER, ESQUIRE
(ARGUED)
Jones Day
One Mellon Bank Center
500 Grant Street, Suite 3100
Pittsburgh, Pennsylvania 15219
        Attorney for Appellant

ERIC B. HENSON, ESQUIRE
(ARGUED)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        Attorney for Appellee

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Stanley A. Albinson appeals the denial of his motion for return of property filed under Fed. R. Crim. P. 41(g) (formerly Fed. R. Crim. P. 41(e))[1] without an evidentiary hearing. The government asserted that it no longer retained possession of the seized property. At issue is whether the District Court was required to conduct an evidentiary inquiry as set forth in *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999). We will reverse and remand.

---

[1] Fed. R. Crim. P. 41 was amended in 2002 "as part of a general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules." *See* Fed. R. Crim. P. 41 advisory committee notes. As a result of the 2002 amendments, the previous Fed. R. Crim. P. 41(e) now appears with minor stylistic changes as Rule 41(g). For consistency, we will refer only to Fed. R. Crim. P. 41(g) even though Albinson filed his motion under Fed. R. Crim. P. 41(e) and most of the relevant case law refers to the previous rule.

## I.

On February 24, 1994, FBI and Naval Investigative Service agents acting under a search warrant seized property[2] from the garage and residence of Stanley A. Albinson at 69 Mine Run Road in Limerick, Pennsylvania. On February 10, 1995, Albinson was arrested for the unauthorized sale of United States property in violation of 18 U.S.C. § 641. The indictment alleged Albinson sold United States property to government agents on six occasions in 1993. The indictment did not, however, charge Albinson with any offense related to the property seized during the 1994 search.

On April 24, 1995, Albinson entered a guilty plea on all six counts of the indictment. Albinson subsequently attempted to withdraw his guilty plea, but the District Court denied his motion. On February 18, 1998, Albinson was sentenced to 15 months in prison, plus three years of supervised release.

On April 21, 1998, while serving his sentence, Albinson filed a pro se motion for return of property under Fed. R. Crim. Pro. 41(g). Albinson sought return of "every item listed on the seizure warrant/property list and those items seized where no receipt was given."

---

[2]The inventory of seized property lists over 200 items, including floor tiles, tool kits, ethanol, batteries, a pump and motor, ovens, stainless steel sinks, computer modems, rolodex records, ear plugs and trousers. Supp. App. 29-42.

App. 124. Albinson alleged he had been deprived of property by the government and that the seizures were "made by government agents/employees." *Id*. On August 2, 1998, Albinson filed a pro se motion for summary judgment on his Rule 41(g) motion. The government did not respond to either motion.

On May 14, 1999, the District Court entered a default judgment in favor of Albinson, and ordered the government to return the seized property by June 15, 1999. The District Court also ordered the government to file a "verified declaration based on first hand knowledge" for each item that "had been lost, destroyed [or] misplaced," describing the "reasons why the property cannot be returned . . . to hold an evidentiary hearing thereon." App. 16. On June 15, 1999, the government responded that it was "physically unable to comply" with the order, because certain property had been returned to Albinson, and the remaining items had been either acquired by third parties or destroyed. App. 146. The government submitted no documentary evidence in support of its response. It simultaneously filed a motion for reconsideration requesting an opportunity to respond to Albinson's motions. The District Court granted the motion for reconsideration, and the government responded to Albinson's motions.

On January 16, 2001, the District Court denied Albinson's Rule 41(g) motion without conducting an evidentiary hearing. *United States v.*

*Albinson*, No. 95-19-01, 2001 U.S. Dist. LEXIS 374 (E.D. Pa. Jan. 17, 2001). The District Court found the government failed to carry its burden of proving a "cognizable claim of ownership or right of possession" in the seized property, but denied the motion nevertheless. *Id*. at *7. The District Court determined the government had irrevocably lost or destroyed the seized property, and therefore this Court's holding in *United States v. Bein*, 214 F.3d 408 (3d Cir. 2000), rendered it "powerless" to award monetary damages in lieu of returning the seized property. *Albinson*, 2001 U.S. Dist. LEXIS 374, at *15. The District Court concluded that an evidentiary hearing was "not required in light of the futile outcome." *Id*. at *16.

Albinson timely filed this appeal.[3]

## II.

## A.

Property seized by the government as part of a criminal investigation "must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture."[4] *Chambers*, 192

---

[3]We exercise appellate jurisdiction over the District Court's denial of the Rule 41(g) motion under 28 U.S.C. § 1291. *United States v. Pantelidis*, 335 F.3d 226, 233-34 (3d Cir. 2003).

[4]It is undisputed that the property seized during the 1994 search is neither contraband nor subject to forfeiture.

F.3d at 376. Under Fed. R. Crim. P. 41(g),

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . . *The court must receive evidence on any factual issue necessary to decide the motion.* If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g) (emphasis added). At the conclusion of a criminal proceeding, the evidentiary burden for a Rule 41(g) motion shifts to the government to demonstrate it has a legitimate reason to retain the seized property. *Chambers*, 192 F.3d at 377. The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return. *Id*.

The District Court held, and the parties do not dispute, that the government failed to meet its burden on Albinson's Rule 41(g) motion. *Albinson*, 2001 U.S. Dist. LEXIS 374, at *9. Indeed, the District Court concluded that Albinson's "motion probably would be granted as to the items on the inventory

lists," but for the perceived futility of granting such an order. *Id.* Albinson argues the District Court abused its discretion by denying his Rule 41(g) motion without conducting an evidentiary hearing and instead relying solely on the government's representations that it no longer retained possession of the seized property. Albinson contends that even if the District Court properly determined that the seized property is "physically unavailable," he is entitled to a hearing to determine what happened to the property. The government responds that because Albinson failed to contest its representations in the District Court, there were no disputed issues of fact which required an evidentiary hearing.

We review the District Court's decision to "exercise its equitable jurisdiction" under Fed. R. Crim. P. 41(g) for abuse of discretion.[5]

---

[5] We do not reach the merits of the District Court's decision to deny Albinson's Rule 41(g) motion. On appeal, we consider only the District Court's decision to not conduct an evidentiary hearing prior to deciding Albinson's Rule 41(g) motion, and we review that decision for abuse of discretion. We note, however, that other courts of appeals have reviewed *de novo* the grant or denial of Rule 41(g) motions after the conclusion of criminal proceedings. *See, e.g., United States v. Potes*, 260 F.3d 1310, 1314 n.8 (11th Cir. 2001).

*Chambers*, 192 F.3d at 376.

### B.

Rule 41(g) directs a district court to "receive evidence" on issues of fact necessary to dispose of the motion. Fed. R. Crim. P. 41(g). We provided more specific guidance on the scope of this evidentiary inquiry in *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999). In that case, petitioner Chambers filed a Rule 41(g) motion for return of property seized by the government during his arrest. *Id*. at 375. The government argued Chambers' motion was moot because it no longer retained possession of the seized property. *Id*. The district court agreed, and denied Chambers' motion based on representations by the government that the property at issue had been forfeited, repossessed, returned or destroyed, and therefore could not be returned. *Id.* We reversed on appeal, concluding that the "government can not defeat a properly filed motion for return of property merely by stating that it has destroyed the property or given the property to third parties." *Id*. at 377. Rather, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue." *Id*. at 377-78.

We also held that a district court must make certain evidentiary inquiries before deciding a Rule 41(g) motion for return of property:

> If . . . the government asserts that it no longer has the property

sought, the District Court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property. The District Court must hold an evidentiary hearing on any disputed issue of fact necessary to the resolution of the motion . . . .

. . . If the District Court concludes that the government's actions in either regard were not proper, it shall determine what remedies are available.

*Id*. at 378 (citations omitted).

We note at the outset that a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion. The rule only directs a district court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). Likewise, *Chambers* does not mandate the method by which a district court must "determine, in fact, whether the government retains possession of the property," so long as this determination rests on a firmer basis than the government's unsubstantiated assertions that it "no longer possesses the property at issue." *Id*. at 377-78. For example, affidavits or documentary evidence, such as chain of custody records, may be

sufficient to support a fact finder's determination. *Chambers*, however, requires the district court to hold an evidentiary hearing on "any disputed issue of fact necessary to the resolution of the motion," which may include determining "what happened" to the seized property. *Id*. at 378.

The District Court expressly acknowledged the *Chambers* inquiry, but decided a hearing was "not required in light of the futile outcome." *Albinson*, 2001 U.S. Dist. LEXIS 374, at *16. The District Court determined monetary damages were the only possible remedy based on the government's representations that it no longer retained possession of the seized property. Recognizing our decision in *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000),[6] prohibits monetary damages on a Rule 41(g) motion, the District Court concluded there was "no other relief to which petitioner is entitled under Rule 41[g]." *Albinson*, 2001 U.S. Dist. LEXIS 374, at *17.

The District Court found the *Bein* prohibition on monetary damages

---

[6]Two of our sister circuits have suggested that a district court may award monetary damages as an equitable remedy on a Rule 41(g) motion. *See, e.g., Mora v. United States*, 955 F.2d 156, 159-60 (2d Cir. 1992); *United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir. 1987). But we have concluded to the contrary.

"undermined *Chambers'* hearing requirement,"[7] *id.* at *13, and created a "Catch-22" in cases in which the government asserts it has lost or destroyed the seized property:

> On the one hand, *Chambers* demands that this Court engage in an inquiry as to what happened to the lost or missing property and decide on an appropriate remedy. On the other hand, *Bein* forecloses the only appropriate remedy in a case where the government has lost or destroyed personal property: money damages. In other words, *Bein* makes the inquiry required by *Chambers* an exercise in futility, because even if the Court were to conclude after a hearing that a Rule 41[g] petitioner was entitled to the return of property, and that the government improperly disposed of the property, the Court is powerless to award the only available remedy.

*Id.* at *14-15.

Although *Bein* forecloses certain remedies for Rule 41(g) petitioners, it does not necessarily create a jurisprudential conundrum. An evidentiary inquiry ensures that a district court has sufficient information to decide a Rule 41(g) motion. At the same time, it provides an opportunity for a Rule 41(g) petitioner to demand the government return property to which he is rightfully entitled. This inquiry assists an aggrieved party in identifying and recovering property seized in the course of a criminal investigation.

As the District Court correctly recognized, an evidentiary hearing potentially offers certain beneficial effects. For example, a "hearing might spark a government investigation that results in the discovery or recovery of property the government initially thought to be lost or destroyed." *Id.* at *15 n.8. Alternatively, an evidentiary hearing "might result in the government being able to prove that the property was owned by the government," and therefore not subject to return. *Id.* In either case, the prospect of a hearing provides an incentive for the government to retain accurate records of seized property, consistent with its regulatory obligations.[8]

---

[7]The District Court suggested that "[a]n argument could be made that *Bein* essentially attempts to overrule *Chambers*." *Albinson*, 2001 U.S. Dist. LEXIS 374, at *16 n.9.

---

[8]Department of Justice regulations require the FBI to maintain detailed chain of custody records for all seized property. *See, e.g.*, 41 C.F.R. § 128-

*Bein*, by contrast, prescribes a limitation on the remedies available to a Rule 41(g) petitioner by precluding the award of monetary damages. This limitation is "not inconsistent" with the requirement that a district court conduct an evidentiary hearing before deciding a Rule 41(g) motion. *Bein*, 214 F.3d at 416. Although *Chambers* directs a district court to determine what remedies are available to a Rule 41(g) petitioner, *Bein* "did not consider whether such available remedies would include an award of monetary damages." *Id.*

Moreover, the question of remedies should arise only after the district court has investigated the status of the seized property. While representations by the government may be credible and may suggest that "the likelihood of actual recovery of the property [is] very slim," *Albinson,* 2001 U.S. Dist. LEXIS 374, at *15 n.8, a fact finder may not deny a Rule 41(g) motion based on a prospective assessment of the remedies that might (or might not) be available. Allowing the government to

50.101 ("Each bureau shall be responsible for establishing and maintaining inventory records of its seized personal property to ensure that . . . (d) A well documented chain of custody is kept; and (e) All information in the inventory records is accurate and current."). If the FBI maintains these chain of custody records as required by regulation, the burden of an evidentiary inquiry is significantly reduced.

defeat a Rule 41(g) motion simply by asserting that it no longer retains possession of the property would frustrate the purpose of the Fed R. Civ. P. 41(g) evidentiary inquiry set forth in *Chambers*. The District Court was justifiably concerned with the "harsh consequences" of such a result. *Id.* at *17.

### C.

The government argues there were no "disputed issues of fact" that would require the District Court to conduct an evidentiary hearing because Albinson did not challenge the government's assertions that it no longer retained possession of the seized property. Albinson responds that a hearing is required because the government's unsupported declaration did not resolve all disputed issues of fact. Specifically, Albinson argues the government's declaration did not identify the third-parties who allegedly acquired the property, the persons who destroyed or distributed the property, or the property that was allegedly returned.

As mentioned, neither the Federal Rule nor *Chambers* makes an evidentiary hearing a prerequisite for deciding a Rule 41(g) motion. *Chambers* only requires an evidentiary hearing on "any disputed issue of fact necessary to the resolution of the motion." 192 F.3d at 378. But *Chambers* also makes clear that "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue."

*Id.* at 377-78. That standard was not satisfied here. Moreover, even if the District Court properly determined the government no longer possessed the property, it did not address the remainder of the *Chambers* inquiry regarding "what happened to the property." *Id.* at 378. A district court may be able to make these determinations based upon affidavits or verified documentary evidence. But if there are disputed issues of fact relating to the status of the property or what happened to it, the district court should hold an evidentiary hearing. This decision is left to the sound discretion of the District Court.

### III.

Finally, Albinson argues that if an evidentiary inquiry reveals individual government agents improperly disposed of his property, he is entitled to amend his Rule 41(g) motion to state alternative claims consistent with this Court's decision in *Bein*. Specifically, Albinson argues that if the evidentiary inquiry reveals facts indicating that specific government agents violated his constitutional rights, he should be able to amend his pleadings to state a *Bivens* complaint. The government responds that it was not error to deny Albinson's motion without a hearing because Albinson neglected to assert alternative claims in the District Court. While we leave this matter also to the sound discretion of the District Court, we note that, depending on what is adduced through the evidentiary inquiry,

amendment may be particularly appropriate on the facts of this case.[9]

### IV.

To summarize, the able District Court did not conduct the full evidentiary inquiry required by *Chambers* in deciding Albinson's Rule 41(g) motion. The District Court determined Albinson's property was unavailable based upon the government's unsubstantiated assertions, and made no determination regarding what happened to the seized property. Whether these determinations ultimately require an

---

[9]The allegations of a *pro se* litigant are generally held to a "less stringent standard" than formal pleadings prepared by a lawyer. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Fed. R. Crim. P. 41(g) motions are civil in nature, and should be treated as a "civil complaint." *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (citation omitted). Therefore, a *pro se* Rule 41(g) motion should be liberally construed to allow the assertion of alternative claims. "[A]ffirming the denial [of a *pro se* Rule 41(e) motion] without leave to amend would have the same effect as a 12(b)(6) dismissal of a *pro se* complaint," which are generally disfavored. *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (reversing dismissal of *pro se* petitioner's Rule 41(g) motion without leave to amend to state a *Bivens* action).

evidentiary hearing or merely the submission of affidavits and documentary evidence, we leave to the sound discretion of the District Court.

For the foregoing reasons, we will reverse and remand for proceedings consistent with this opinion.