

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Rearick

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3952

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rearick" (2006). *2006 Decisions.* Paper 1022.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1022

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-178                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3952
_____

UNITED STATES OF AMERICA

v.

HAROLD E. REARICK, JR.
                            Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 03-cr-00123)
District Judge:  Alan N. Bloch

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

March 30, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: May 31, 2006)
_____

OPINION
_____

PER CURIAM

    On November 7, 2003, after entering a plea of guilty, Harold E. Rearick, Jr. was

convicted in the United States District Court for the Western District of Pennsylvania of

theft of government funds.  See 18 U.S.C. § 641.  Rearick was sentenced to a 12 month

term of imprisonment to be followed by a three year period of supervised release, and was ordered to pay restitution in the amount $ 45,188. For the three year period of his supervised release, Rearick was prohibited from "possess[ing] a firearm or destructive device." When Rearick failed to voluntarily surrender to commence serving his sentence, a warrant was issued for his arrest. On February 4, 2004, Rearick was arrested at his home in Vandergrift, Pennsylvania. During the arrest, eight pistols, two shotguns, two rifles, and two BB guns were confiscated from Rearick's home because he "lived alone and the residence was to be unoccupied during the time that he was incarcerated." No charges were ever filed against Rearick in connection with the seizure of the weapons.

On October 21, 2004, the government notified Rearick's retained plea counsel, Thomas Ceraso, that it intended to file a motion to destroy the weapons found in Rearick's home. At that time, Ceraso indicated that he had no objection to the entry of an order requiring the destruction of the property. Accordingly, on November 17, 2004, the government filed in the District Court a motion to destroy the weapons. By order entered November 19, 2004, the District Court granted the motion and directed the United States Marshall Service to destroy Rearick's weapons. On June 23, 2005, Rearick filed in the District Court a pro se motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). By order entered June 29, 2005, the District Court denied Rearick's Rule 41(g) motion.

Rearick filed a timely notice of appeal from the June 29 order. However, because

2

he failed to pay the required filing fees or apply to proceed in forma pauperis on appeal, Rearick's appeal was dismissed on November 1, 2005, for failure to prosecute pursuant to Third Circuit LAR 3.3 and Third Circuit LAR Misc. 107.1(a). Rearick subsequently filed a timely motion to reopen the appeal. See Third Circuit LAR Misc. 107.2(a) (a motion to set aside an order dismissing an appeal for failure to prosecute must be filed within ten days from the date of dismissal and should be granted if the appellant demonstrates good cause for the failure to prosecute). Because Rearick has demonstrated good cause for the failure to prosecute, see id., his motion to reopen is granted.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Because Rearick has been granted leave to proceed in forma pauperis on appeal, this Court must dismiss his appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a careful review of the record, we will dismiss this appeal as frivolous because Rearick's claim lacks an arguable basis in law or fact.

This Court reviews a District Court's decision under Fed. R. Civ. P. 41(g) for abuse of discretion. United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004). Under the circumstances presented here, we conclude that the District Court did not abuse its discretion in denying Rearick's Rule 41(g) motion. First, Rearick's judgment of conviction and sentence specifically prohibits him from "possess[ing] a firearm or destructive device" during the period of his supervised release. Rearick has not cited, nor

3

have we found, any case law to support the proposition that the government is obligated to maintain control of and provide storage for Rearick's weapons until such time as his supervised release period expires in 2008. Second, it appears from the record that Rearick is a convicted felon. See 18 U.S.C. § 641 (criminalizing the theft of a "thing of value of the United States," and providing that if the value exceeds $ 1000, the District Court can sentence the defendant to a maximum of ten years in prison); 18 U.S.C. § 1(1) (explaining that an offense "punishable" by a term of imprisonment "exceeding one year" is a felony). It appearing that Rearick is a convicted felon, he is not entitled under Rule 41(g) to the return of the weapons seized from his house.[1] See, e.g., 18 U.S.C. § 922(g); United States v. Howell, 425 F.3d 971, 977 (11th Cir. 2005) ("any firearm possession, actual or constructive, by a convicted felon is prohibited by law"); United States v. Felici, 208 F.3d 667 (8th Cir. 2000). Finally, Rearick does not dispute that the government gave notice of the motion to destroy property to Attorney Ceraso and that Ceraso consented to the motion. Because our system deems notice to counsel as notice to the client, Rearick cannot now argue that he was unaware of the motion. See, e.g., United States v. Indoor Cultivation Equip. from High Tech. Indoor Garden Supply, 55 F.3d 1311, 1318 (7th Cir. 1995). The fact that Rearick did not take advantage of his opportunity to be heard does not support the conclusion that his due process rights were denied.

---

[1] Rearick's status as a convicted felon would not, however, preclude his possession of the two BB guns. U.S.S.G. § 1B1.1 ("A weapon, commonly known as a 'BB' or pellet gun . . . is a dangerous weapon but not firearm.").

4

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Appellee's motion for summary affirmance is, thus, denied as moot. Rearick's motion for the appointment of counsel is likewise denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).