

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions*. Paper 248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-3                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2597
_____

UNITED STATES OF AMERICA

v.

ANTHONY T. SMITH,
                                                    Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 05-cr-00119)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2007

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed:  November 7, 2007)

_____

OPINION
_____

PER CURIAM

Appellant Anthony Smith was convicted on March 14, 2007 in United States

District Court for the Western District of Pennsylvania of conspiracy to distribute more than 5 grams of cocaine. He was sentenced to a term of imprisonment of 327 months, which is to be served consecutively to the Pennsylvania state sentence he currently is serving. Smith has appealed the judgment of conviction and sentence; his appeal is pending in this Court at C.A. No. 07-1784 and he is represented by counsel.

Following his conviction, Smith filed a pro se motion for return of property in the sentencing court pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of his liberty, $144,000.00 in United States currency, and money in his inmate accounts at the Allegheny County jail and the State Correctional Institution in Dallas, Pennsylvania. Following the submission of an answer by the government, the District Court denied the motion, based upon that answer, in an order entered on May 15, 2007.

Smith appeals. Our Clerk notified him that we might act summarily to dispose of this appeal and invited him to respond in writing. He has not done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision to exercise its equitable jurisdiction under Rule 41(g) for abuse of discretion. United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004). Rule 41(g) provides in pertinent part that: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district

2

where the property was seized." Rule 41(g) directs a district court to receive evidence on issues of disputed fact necessary to dispose of the motion, and we provided specific guidance on the scope of this evidentiary inquiry in United States v. Chambers, 192 F.3d 374, 377-78 (3d Cir. 1999) (government may not defeat properly filed motion by stating, without evidentiary support, that it no longer possesses property at issue).

The government responded that Memphis, Tennessee police officers stopped a car in which Smith and his drug co-conspirator Kyle Goosby were riding. During a search of the vehicle, the officers recovered $154,400.00. There was testimony at trial that the co-conspirators were traveling to Texas to purchase illegal drugs. The money was seized by Tennessee authorities and never transferred to the federal government. The government believes that it escheated to the State of Tennessee.

We conclude that the District Court did not abuse its discretion in denying Smith's Rule 41(g) motion. We agree with the District Court that Smith's claim concerning the return of his liberty was specious. Any claim concerning his state inmate accounts should not be addressed through a criminal Rule 41(g) motion, and Smith should exhaust his institutional remedies, see 42 U.S.C. § 1997e(a), prior to filing any civil rights action in federal court under 42 U.S.C. § 1983. Finally, insofar as it is undisputed that the currency was seized in Tennessee (Smith asserted that the money was seized in Nashville), any motion seeking its return would have to be filed in the District in which it was seized, see Fed. R. Crim. Pro. 41(g), which is not the Western District of Pennsylvania. Smith's

motion was filed in the wrong venue. The District Court's denial of it plainly was without prejudice to any motion Smith may file where venue is proper.

We will summarily affirm the order of the District Court denying the Rule 41(g) motion for the return of property.