

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# USA v. George Snyder

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. George Snyder" (2008). *2008 Decisions*. Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3283
_____

UNITED STATES OF AMERICA


v.

GEORGE C. SNYDER,

                           Appellant


_____

On Appeal from the United States District Court
for the Western District of
(D.C. Civil Action No. 99-cr-00053-001)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal as Untimely or
Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
December 11, 2008

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit Judges</u>

(Filed December 29, 2008)


_____

OPINION
_____

PER CURIAM

George Snyder appeals from an order of the United States District Court for the

Western District of Pennsylvania denying his motion for return of seized property pursuant to Fed. R. Crim. P. 41(g). For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

## I.

On April 19, 2000, Snyder was sentenced to 21 months of imprisonment in the United States District Court for the Western District of Pennsylvania for willfully filing materially false income tax returns. Prior to his sentencing, Snyder filed a motion for production of seized documents. The Government provided copies of some of the seized documents to Snyder's attorney. By letter dated August 26, 2004, IRS Special Agent Cynthia Underwood advised Snyder that he should contact her to make arrangements to retrieve his remaining documents. Accompanied by a tax fraud investigative aide, Special Agent Underwood met with Snyder and gave him all of the documents that she said were remaining in the Government's possession.

On July 31, 2006, Snyder filed a motion for return of seized property pursuant to Fed. R. Crim. P. 41(g) in the District Court. The Court filed a Memorandum Order on August 6, 2007 denying Snyder's motion as moot. The Order stated that the Government provided sufficient information in its responsive motion to establish that it already returned Snyder's property. On August 27, 2007, Snyder filed a motion for reconsideration, arguing that the Court failed to hold an evidentiary hearing prior to entering its Order. The District Court denied Snyder's motion for reconsideration on July

2

7, 2008.  Snyder timely appealed.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review the District Court's denial of Snyder's motion de novo.  United States v. Albinson, 356 F.3d 278, 281 n.5 (3d Cir. 2004).

## III.

The District Court properly denied Snyder's motion for return of seized property pursuant to Fed. R. Crim. P. 41(g).  Under the Rule, "[a] person aggrieved by an unlawful search and seizure of property may move for the property's return." Fed. R. Crim. P. 41(g).  It is well settled that the government may seize evidence for use in an investigation and trial; however, it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture.  United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000).  The District Court determined, based upon Special Agent Underwood's letter and subsequent meeting with Snyder, as well as her detailed inventory of his property, that the Government returned all of Snyder's property, denying Snyder's Rule 41(g) motion as moot.

In his motion for reconsideration, Snyder argued that the District Court erred in not

---

[1] A defendant's motion for return of property made after the termination of criminal proceedings is treated as a civil action for equitable relief.  United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  Therefore, we apply Fed. R. App. P. 4(a)(1)(B)'s time limits.

3

holding an evidentiary hearing prior to ruling on the motion. The District Court denied reconsideration. After reviewing the evidence in this case, we conclude that the District Court's determination was appropriate.

We have previously held that "an evidentiary hearing is required for the resolution of any disputed issue of fact necessary to the resolution of [a] [Rule 41(g)] motion." Chambers, 192 F.3d at 377. However, courts "need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion"; a court is required to conduct a hearing only in those cases where it is "necessary to decide the motion." Albinson, 356 F.3d at 281. A court may utilize its own methodology to determine whether the government retained disputed property, "so long as this determination rests on a firmer basis than the government's unsubstantiated assertions that it no longer 'possesses the property at issue.'" Id. at 282 (quoting Chambers, 192 F. 3d at 377-78). Affidavits may be sufficient to support the court's determination. Id.

The Government presented evidence sufficient to demonstrate that it returned all of Snyder's property to him. IRS Special Agent Underwood, in her August 26, 2003 letter, detailed the steps that Snyder needed to take in order to retrieve all documents remaining in the Government's possession. Snyder subsequently met with Special Agent Underwood to retrieve his property, and she prepared a detailed inventory of the items returned to Snyder. Additionally, responding to Snyder's motion for reconsideration, Special Agent Underwood submitted an affidavit attesting to the documentary procedures

4

in place at the time the items were seized. Snyder, on the other hand, failed to detail or summarize which documents he believed had not been returned. Thus, the District Court did not rule on Snyder's motion based upon the "unsubstantiated assertions" of the Government. Albinson, 356 F.3d at 282. The Court relied instead upon documentary evidence to determine whether the Government met its burden of proof. Its decision to forgo an evidentiary hearing was appropriate under the circumstances. Id.

For the foregoing reasons, we conclude that the District Court properly denied Snyder's motion for return of property as well as reconsideration. We will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.