

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2009

# USA v. Bethea

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Bethea" (2009). 2009 Decisions. Paper 1722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 06-4122

—————————

UNITED STATES OF AMERICA

v.

KEVIN LAMARR BETHEA,

Appellant

—————————

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00089)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2009

Before: CHAGARES, HARDIMAN, <u>Circuit Judges</u>, and GARBIS, <u>District Judge</u>[*]

(Filed: March 19, 2009)

—————————

OPINION OF THE COURT

—————————

CHAGARES, <u>Circuit Judge</u>.

—————————

[*]Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

This is an appeal from the District Court's denial of Kevin Bethea's motion for return of his property pursuant to Fed. R. Crim. P. 41(g). We will affirm.

## I.

Since we write mainly for the parties, we give only a very brief recitation of the facts. In connection with a search warrant, the Government seized $1590 in cash and a pager from Bethea. The Government established that on April 7, 2003, a notice of seizure and intent to forfeit was mailed, certified and return receipt requested, to Bethea as well as his prior counsel. The Government also established that someone at each address signed for the letter. In addition, the Government produced evidence to show that notice of the seizure and intent to forfeit was published in the <u>Wall Street Journal</u> on April 21, 2003, April 28, 2003, and May 5, 2003. Bethea failed to file a claim regarding the seized property, and it was forfeited to the United States. Bethea subsequently filed a motion for return of his property, claiming that the amount of money seized was $1800, and seeking return of $1800 and of his two cell phones. The District Court found that Bethea was given sufficient notice of the seizure and intent to forfeit. It also found that the evidence showed that cell phones had not been seized. It therefore denied Bethea's motion for the return of his property.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's decision for abuse of discretion.  United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  See also Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 147 (3d Cir. 2008) ("The District Court abuses its discretion where 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'") (citation omitted).

## III.

On appeal, Bethea contends that the District Court erred when it found that he received notice of the seizure and intent to forfeit.  He also contends that the Court should have held an evidentiary hearing to determine whether the amount of money that was taken was $1800 or $1590.[1]  We find that there was no error.

Fed. R. Crim. P. 41(g) governs motions for return of seized property:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

[1]Bethea also complains that the Government never sent him certain documents filed in the District Court, including its response to his motion, and certain declarations or affidavits of Government witnesses.  Though it is not clear why, if true, this would have any bearing on the disposition of this appeal, we note that each of the documents was accompanied by a filed certificate of service.

Fed. R. Crim. P. 41(g). Notice needs to be given prior to administrative forfeiture, under statute and pursuant to the Due Process Clause. United States v. McGlory, 202 F.3d 664, 671 (3d Cir. 2000). However, "[d]ue process does not require an infallible method of giving notice." Id. at 673. Instead, the notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" McGlory, 202 F.3d at 671 (citing Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 314 (1950)).

In this case, the District Court did not abuse its discretion when it found that proper notice was given to Bethea. First, the Court relied on documents submitted by the Government showing that the notice of seizure and intent to forfeit was mailed by certified mail, return receipt to Bethea's home address and to his former attorney, and was received at both addresses. Second, the Court relied on documents submitted by the Government showing that notice about the forfeiture had been published in the Wall Street Journal on three separate occasions. We find that this notice was constitutionally adequate and complied with statutory requirements. See 19 U.S.C. §1607 (describing such requirements); 21 C.F.R. §1316.77 (describing administrative forfeiture of property seized by Drug Enforcement Administration agents). Cf. McGlory, 202 F.3d at 674 ("[A]t a minimum, due process requires that when a person is in the government's custody and detained at a place of its choosing, notice of a pending administrative forfeiture proceeding must be mailed to the detainee at his or her place of confinement.").

4

Therefore, we find that the District Court did not abuse its discretion in finding that proper notice was given to Bethea about the forfeiture.

Furthermore, the District Court did not abuse its discretion when it failed to hold an evidentiary hearing in this matter. An evidentiary hearing is not a prerequisite for a ruling on every Rule 41(g) motion. United States v. Albinson, 356 F.3d 278, 281-82 (3d Cir. 2004). In interpreting the requirements of Rule 41(g), this Court has explained that "[t]he rule only directs a district court to 'receive evidence on any factual issue necessary to decide the motion.'" Id. (quoting Rule 41(g)). In doing so, "affidavits or documentary evidence. . . may be sufficient to support a fact finder's determination." Id. at 282. However, our precedent does direct district courts to hold an evidentiary hearing "[i]f there are disputed issues of fact relating to the status of the property or what happened to it." Id. at 284.

Here, although Bethea contends that the amount of money was disputed, requiring an evidentiary hearing, the District Court found that the evidence showed that $1590 was seized. This finding was not an abuse of discretion, even without an evidentiary hearing, as exhibits attached to the Government's Response to Appellant's Motion for Return of Seized Property clearly show that only $1590 was seized, and Bethea's unsubstantiated claim does not rebut this figure.[2]

---

[2]It does not appear that Bethea is pursuing his argument regarding the two allegedly missing cell phones. Even if he did raise such an argument, we find that the District Court's determination that the evidence does not show that cell phones were ever

## IV.

For the foregoing reasons, we will affirm the District Court's ruling.

---

seized was not an abuse of discretion.