**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2179
_____

UNITED STATES OF AMERICA

v.

VICTOR RODRIGUEZ,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-98-cr-00362-012)
District Judge:  Honorable Louis H. Pollak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 30, 2011)

_____

OPINION
_____

PER CURIAM

        Victor Rodriguez appeals the District Court's rejection of his motion for the return

of property filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  For

the reasons set forth below, we will affirm in part, vacate in part, and remand to the

District Court for further proceedings.

As part of a drug trafficking investigation, the Government seized property belonging to Victor Rodriguez.[1]  In 2005, Rodriguez filed a motion for the return of property pursuant to Rule 41(g).  He identified eight items of property:

(1)     Home at 3030 North Lawrence Street, Philadelphia, Pennsylvania
(2)     1995 Windstar minivan
(3)     1995 Suzuki motorcycle
(4)     1991 Lincoln Towncar
(5)     1995 Hyundai Sonata
(6)     1995 Red Lexus SC-400
(7)     1996 Pontiac Grand Am
(8)     Kawasaki jet ski

In response, the Government argued that items 1 and 2 had not been seized, that venue in the Eastern District of Pennsylvania was not proper for items 6, 7, and 8 because they had been seized in Puerto Rico, and that all statutory and due process requirements had been satisfied in providing Rodriguez with notice of the seizure and intent to forfeit the remaining items.  The District Court agreed and, by order entered March 10, 2010, rejected Rodriguez's claims for the return of property.  Rodriguez appealed.

Thereafter, Rodriguez filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), arguing that the District Court should have transferred to the District of Puerto Rico that portion of his motion which sought return of the items seized there.  The District Court agreed that "the venue defect could have been cured by a transfer to the proper venue for the claims related to items 6, 7, and 8."  The District

---

[1] Rodriguez pleaded guilty in December 2002 to multiple charges including conspiracy to distribute cocaine, murder for hire, and conspiracy to commit murder for hire.  He was sentenced to imprisonment for life.

Court also noted that "dismissal effectively destroyed [Rodriguez's] ability to refile the motion in the proper venue because, by that point, the six-year statute of limitations had run." Therefore, citing Federal Rule of Civil Procedure 62.1(a)(3), the District Court certified that it would grant Rodriguez's motion for reconsideration and "issue an order transferring the portion of his claims relating to items 6, 7, and 8 to the United States District Court for the District of Puerto Rico, if the Court of Appeals remands for those purposes." Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985) (holding that while a district court lacks jurisdiction to deny a 60(b) motion while an appeal is pending, it can certify that it will grant a 60(b) motion if the Court of Appeals remands the case for that purpose). The Government has agreed that such a remand order is appropriate. Accordingly, we will vacate and remand in part so that, consistent with the District Court's order of December 13, 2010, that portion of Rodriguez's motion which seeks return of property seized in Puerto Rico may be transferred to the District of Puerto Rico. As explained below, however, we will affirm the District Court's denial of Rodriguez's Rule 41(g) motion in all other respects.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's decision for abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).

3

Rodriguez argued that he did not receive sufficient notice of the forfeiture of items 3, 4, and 5.[2] United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc) (holding that District Courts have jurisdiction to review "a claim that a person received inadequate notice of completed administrative forfeiture proceedings").  In these circumstances, due process requires that notice to the property owner be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Dusenbery v. United States, 534 U.S. 161, 168 (2002), (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Pursuant to statute and regulation, the government must provide "[w]ritten notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article," 19 U.S.C. § 1607(a), and must publish notice "in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought."  21 C.F.R. § 1316.75(a); see also Longenette v. Krusing, 322 F.3d 758, 760-61 (3d Cir. 2003). Notably, "[d]ue process does not require an infallible method of giving notice." McGlory, 202 F.3d at 673.

Here, according to a declaration submitted by a DEA attorney in response to Rodriguez's Rule 41(g) motion, Rodriguez was a fugitive and his whereabouts were unknown when agents seized items 3, 4, and 5.  On February 1, 1999, the DEA sent, by

---

[2] Rodriguez does not challenge the District Court's dismissal, on mootness grounds, of his motion for return of items 1 and 2.

4

certified mail, notice of the seizure of items 3 and 4 to Rodriguez and his girlfriend at their last two known addresses, on Norcross Lane and North Orianna Street in Philadelphia. Letters sent to the Norcross Lane address was returned stamped, "RETURNED TO SENDER, MOVED, LEFT NO ADDRESS." The letters sent to the address on North Orianna Street were returned stamped, "RETURNED TO SENDER, REFUSED." The DEA also sent notice to the manager of the storage facility where these items had been found; those notices were accepted for delivery on February 5, 1999. Notice of the seizure of items 3 and 4 was also published in *USA Today* on three successive weeks in February 1999. On March 22, 1999, the DEA sent, by certified mail, written notices of the seizure of item 5 to the address on Norcross Lane (which were returned stamped "RETURNED TO SENDER, INSUFFICIENT ADDRESS) and to an address on North "D" Street in Philadelphia (which were accepted for delivery). Notice of the seizure of item 5 was published in *USA Today* on March 31, April 7, and April 14, 1999. Rodriguez failed to respond to the notices or assert a timely claim to the items, which were administratively forfeited.

We conclude that publication of the notices in *USA Today* satisfies the notice by publication requirement. There is no merit to Rodriguez's argument that the DEA had an obligation to determine whether he was a subscriber before choosing a newspaper of general circulation. See United States v. Robinson, 434 F.3d 357, 367 (5th Cir. 2005) (holding that Government's choice to publish notice in the *New York Times* did not

5

violate statutory publication requirements even though publication in the *Houston Chronicle* would have been more likely to provide notice to the claimant).

With respect to the notices sent by certified mail, Rodriguez suggests that the DEA should have taken further steps to locate him once its initial notices were returned as undelivered. In support of this argument, Rodriguez relies on Foehl v. United States, 238 F.3d 474 (3d Cir. 2001). There, the DEA sent notice only to an address which the claimant had provided at the time of his arrest. The letter was returned with the notation, "RETURNED TO SENDER-ATTEMPTED NOT KNOWN." Id. at 476. We held that the attempt to provide notice was insufficient because the DEA failed to check with four "obvious sources" to ascertain the claimant's address. Here, by contrast, there is no indication that Rodriguez's whereabouts were "reasonably ascertainable." Id. at 479. Indeed, at the time the notifications were sent, Rodriguez was a fugitive wanted on murder for hire charges. See United States v. Rodgers, 108 F.3d 1247, 1253 (10th Cir. 1997) (stating that "fugitive status is also a factor to be considered in determining what notification steps are reasonable"). Rodriguez does assert that the DEA "had two additional [Philadelphia] addresses . . . in its possession to locate and noti[fy] [him] of the pending forfeiture." [3] He also claims that the DEA had in its files various addresses in

---

[3] As the Government points out, only one of the locations identified by Rodriguez − 3030 N. Lawrence Street, Philadelphia, Pennsylvania − is an actual address. The other location is identified simply as "the 5100 Block of Arbor Street, Philadelphia, Pennsylvania."

Puerto Rico where Rodriguez could be located.[4]  Importantly, however, Rodriguez did not raise these arguments in the District Court.  See Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001) ("[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances.").  Under these circumstances, we find that the District Court did not abuse its discretion in finding that sufficient notice was given to Rodriguez about the seizures and the forfeitures.  In addition, because there are no disputed factual issues, we reject Rodriguez's assertion that the District Court should have held an evidentiary hearing.  United States v. Albinson, 356 F.3d 278, 281-82 (3d Cir. 2004).

For the reasons given, we will affirm in part, vacate in part, and remand for further proceedings.

---

[4] The DEA did send notices to various addresses in Puerto Rico in connection with items seized there.  Those notices were returned marked, "RETURNED TO SENDER."