**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4047
_____

UNITED STATES OF AMERICA

v.

GREGORY JONES,
a/k/a "G"

GREGORY JONES,
                                   Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00367-001)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: November 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellant Gregory Jones appeals the District Court's order denying, in part, his motion for return of property under Fed. R. Crim. P. 41(g). For the reasons discussed below, we will affirm.

In 2006, a grand jury sitting in the United States District Court for the Eastern District of Pennsylvania returned a superseding indictment charging Jones with conspiracy, credit card fraud, identity fraud, and aggravated identity fraud in violation of 18 U.S.C. §§ 2, 371, 1029(a)(1), (a)(3) & (a)(4), 1028(a)(5), and 1028A. The charges stemmed from his involvement in a manufacturing plant making counterfeit credit and debit cards, as well as counterfeit identity documents. Pursuant to a search warrant and incident to his arrest, federal agents seized numerous items including, inter alia, computers, printers, cell phones, and currency from Jones' apartment and from another location where the credit cards were manufactured. The indictment contained a notice of forfeiture alleging that Jones' interest in certain property, including the currency, was forfeitable as a result of certain of the offenses charged, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1028(b)(5) & (h), and 1029(c). Jones pleaded guilty to all counts of the indictment. He was sentenced to 144 months of imprisonment and was ordered to pay restitution in the amount of $311,575.35 and a special assessment of $900. We affirmed his judgment of sentence. United States v. Jones, 332 F. App'x 801 (3d Cir. 2009).

On June 2, 2014, Jones filed the motion for return of property, including "various computers and cards," six cell phones, a disposable camera, a wallet, a ring, and

constitute binding precedent.

2

$5343.88.[1]  After the Government filed a response, the District Court entered an order granting the motion in part, directing the return of certain property uncontested by the Government, and denying the remainder of the motion.  The Court directed the FBI to transfer the seized currency in its custody to the Clerk of the District Court to be applied to Jones' outstanding restitution obligation, and to dispose of the remaining property in its possession as abandoned.  This appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  A motion for return of property is treated as a civil proceeding for equitable relief.  United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  We review questions of law relating to the Rule 41(g) motion de novo, and the District Court's exercise of its equitable powers for abuse of discretion.  Id.[2]

On appeal, Jones argues that he was entitled to the return of the currency, and that the District Court denied his due process rights by failing to allow him an opportunity to

---

[1]  Judgment was entered in Jones' criminal proceedings on June 3, 2008; accordingly, Jones' Rule 41(g) motion was timely.  See United States v. Sims, 376 F.3d 705, 708-09 (7th Cir. 2004) (holding that the six-year catch-all statute of limitations for civil actions against the federal government under 28 U.S.C. § 2401(a) is applicable to a Rule 41(g) motion); accord Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007) (holding that six-year statute of limitations applies and cause of action accrues at the end of the criminal proceeding) (citing cases).

[2]  After he appealed, Jones filed a motion to vacate the District Court's judgment pursuant to Rule 60(b), which the District Court denied.  Because Jones did not amend his notice of appeal or file a new notice of appeal, we lack jurisdiction to review the District Court's order denying the Rule 60(b) motion.  See Fed. R. App. P. 4(a)(4)(B). We therefore only address Jones' arguments with respect to the denial of the Rule 41(g) motion.

reply to the Government's response before denying the Rule 41(g) motion.  With respect to the due process argument, we note that neither the Federal Rules of Civil Procedure, nor the local rules of the District Court provide for a reply to a response.[3]  See Fed. R. Civ. P. 7, Loc. R. 7.1.  Moreover, the District Court was not required to hold an evidentiary hearing, see United States v. Albinson, 356 F.3d 278, 281-82 (3d Cir. 2004), and indeed needed only to "receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g).

The Government's response provided sufficient evidentiary support for the District Court's decision.  It included letters from Jones' counsel, written in June and July 2008, inquiring about Jones' personal property and the funds seized.  Counsel specifically indicated that the seized funds should be applied to the special assessment and restitution obligations.  On August 6, 2008, the Government replied, seeking signed authorization regarding this disposition of the property.  On January 21, 2009, defense counsel sent a letter inquiring about the return of the personal property.  The Government immediately responded by re-sending its August 6th letter.  The Government received no response and, on October 13, 2009, sent a letter requesting signed authorization from Jones to release his property as counsel had directed, and noting that, should no confirmation be received by November 1, 2009, the items would be deemed abandoned and destroyed.

---

[3]  We note further that Jones fails to present any arguments that he would have raised in his reply which may have altered the outcome in the District Court.

Jones failed to respond and, in January 2010, most of the seized items were destroyed and most of the currency was forwarded to the Clerk of Court who paid off the special assessment and applied the remainder towards the restitution.[4] The only remaining items in the custody of the FBI included various credit, debit, and gift cards, several identity cards, a belt, a cell phone, a ring, $300 in pre-recorded buy-money, and $1,426.93 in cash, which included $140 pre-recorded buy-money. The District Court directed that the tangible property be returned to Jones, but that $1286.93 (the amount of currency, less the buy money) be applied to the restitution. It did not abuse its discretion in doing so.

Generally, seized property, other than contraband, must be returned after the criminal proceedings have terminated. Chambers, 192 F.3d at 376. The record is clear, however, that Jones received repeated opportunities to direct the disposition of his property, as well as formal notice that it would be deemed abandoned and destroyed should he fail to respond. See United States v. Cardona-Sandoval, 518 F.3d 13, 16 (1st Cir. 2008) (a Rule 41(g) movant is entitled to reasonable notice before the government destroys the property or otherwise permanently deprives the movant of the property). The Government also clearly established, through United States Secret Service records,

---

[4] Jones maintains that, on October 3, 2008, he responded to the Government's letter, indicating that the property, including the currency, should be returned to Ruby or Katrina Jones. However, he was represented by counsel during that time, and he provides only an unsworn paragraph, signed by him, stating the foregoing, which is neither addressed nor directed to any particular party. This is insufficient, in light of the Government's evidence, to create an issue of fact.

5

that certain property was destroyed. See Albinson, 356 F.3d at 281-82 (noting that the Government can meet its burden to establish property has been destroyed through documentary evidence). The District Court therefore properly denied the Rule 41(g) motion with respect to the destroyed property.

Finally, a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property. United States v. Francis, 646 F.2d 251, 263 (6th Cir. 1981). The restitution order constitutes a lien in favor of the Government on all of Jones' property. See 18 U.S.C. § 3613(c). Accordingly, the District Court exercised sound discretion in applying the cash seized towards satisfaction of that obligation. See United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990) ("by applying the cash to the sentence imposed, the district court essentially allocated the defendant's property for his benefit rather than depriving him of the property altogether."); United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) ("a valid restitution order . . . gives the government sufficient cognizable claim of ownership to defeat a defendant's [Rule 41(g)] motion for return of property, if that property is needed to satisfy the terms of the restitution order."); accord Lavin v. United States, 299 F.3d 123, 127 (2d Cir. 2002).

Based on the foregoing, we will affirm the judgment of the District Court.