

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2005

# USA v. Wallace

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Wallace" (2005). *2005 Decisions.* Paper 1028.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1028

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos.  02-2746 / 03-3840 / 04-1939

———————

UNITED STATES OF AMERICA

v.

CLARENCE WALLACE,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00197-1)
District Judge: Honorable R. Barclay Surrick

———————

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2005

Before: AMBRO, STAPLETON and ALARCÓN*, <u>Circuit Judges</u>

(Opinion filed June 13, 2005 )

———————

OPINION

———————

_____

    * Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

AMBRO, Circuit Judge

On June 14, 2002, Appellant Clarence Wallace was convicted by a jury of multiple federal crimes stemming from his participation in the armed robbery of two banks. After unsuccessfully pursuing various post-conviction motions, Wallace was sentenced to 960 months of imprisonment and five years of supervised release and ordered to make restitution in the amount of approximately $26,000 – the unrecovered loss to the banks. After his sentencing, Wallace moved *pro se* under Fed. R. Civ. P. 60(b)(3) for relief from the judgment of conviction because of fraud on the District Court. In this post-sentencing motion, Wallace reasserted a variety of arguments already rejected by the District Court and introduced additional theories of relief. The Court properly denied this motion for lack of jurisdiction. Wallace appeals his conviction, the denial of post-conviction relief and the denial of his post-sentencing motion styled under Rule 60(b).

Wallace's appointed counsel on appeal has filed an Anders motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. We consider that motion here, and for the reasons given below grant it and affirm Wallace's conviction and sentence.

I.

Under Anders v. California, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, s/he must advise the Court of this finding and request permission to withdraw from the case." Id. at 744. This

2

request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal,"id., "explain to the court why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and in so doing demonstrate that s/he has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We grant a counsel's Anders motion to withdraw if "a full examination of all of the proceedings," Anders, 386 U.S. at 744, shows "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and we conclude "that the appeal lacks any basis in law or fact," id. at 438 n.10. "The Court's inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300.

## II.

As we write solely for the parties, we need not detail the facts of this case. Wallace's counsel has identified as potential grounds for appeal (1) the District Court's

rejection of Wallace's jury tampering argument, (2) the Court's lack of jurisdiction to consider Wallace's Rule 60(b) motion, (3) alleged perjury by the FBI case agent, (4) the sufficiency of the testimony by the cooperating defendants, (5) the failure of the Government to furnish Brady material, (6) the District Court's participation in the decision whether to call Wallace's son as a witness, and (7) the denial of Wallace's opportunity to be present at sidebar during the *voir dire* of potential jurors. Counsel has thoroughly addressed each of these arguments, demonstrating that they lack any basis in law or fact.[1] The Government, in turn, has reviewed and endorsed counsel's analysis. Lastly, we note that most of these arguments were addressed on their merits at least once by the District Court and roundly rejected.

As the Government points out, "Wallace has, in numerous letters to the district court and this Court, in complaints to the bar association, and in his motions, made facially absurd allegations that government counsel, the case agent, and his trial counsel are 'corrupt law handlers' involved in the creation of evidence and the subornation of perjury. He claims this 'conspiracy' to subvert justice was aided by post-trial counsel, appellate counsel, and, apparently, even the trial judge." In fact, in a December 2, 2004 order, we described a litany of claims levied by Wallace against his appellate counsel as "conclusory and unsubstantiated," indeed "fantastic and patently frivolous."

In this vein, we turn to Wallace's *pro se* brief in support of his appeal. As we are

---

[1] We conclude that counsel has met his obligations under Anders.

4

unable to extract any meaningful legal arguments, we can only conclude that he has failed to demonstrate the existence of nonfrivolous appellate arguments.

We thus affirm Wallace's conviction and sentence and grant counsel's motion to withdraw.