

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# USA v. Wallace

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wallace" (2007). *2007 Decisions.* Paper 1775.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1775

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-68**
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1323
_____

UNITED STATES OF AMERICA

v.

CLARENCE WALLACE,
                                        Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00197)
District Judge: Honorable R. Barclay Surrick
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 30, 2006

Before: RENDELL, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed: January 11, 2007)

_____

OPINION OF THE COURT
_____

PER CURIAM

        Clarence Wallace appeals from the District Court's order disposing of his post-trial

motion for return of property. Because we determine that the appeal is lacking in

arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Wallace was arrested by agents from the Federal Bureau of Investigation on March 6, 2002. During the arrest, the agents seized Wallace's Bulova watch and $2,153 in cash. Wallace was eventually convicted by a jury of conspiracy to commit armed bank robbery, two counts of armed bank robbery, two counts of brandishing a firearm, and being a felon in possession of a firearm. In addition to a 960-month prison sentence, Wallace was ordered to pay $25,968 in restitution to the two victim banks. United States v. Wallace, 135 Fed. Appx. 527, 527 (3d Cir. 2005).

After he was convicted, Wallace filed a motion, under FED. R. CRIM. P. 41(g) (formerly Rule 41(e)), to return the property that had been seized during his arrest. Approximately two years later, the government responded to the motion. The District Court ordered the government to return the Bulova watch, but allowed it to retain the cash that it had seized. Wallace appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. A motion for the return of property under FED. R. CRIM P. 41(g) may be made after the termination of criminal proceedings, and is treated as a civil proceeding for equitable relief. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). We review the District Court's decision for abuse of discretion. Id.

Having granted Wallace leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

2

Although property seized by the government as part of a criminal investigation generally must be returned once criminal proceedings have concluded, a defendant has no right to the return of his property if the government has a continuing interest in the property, such as in a forfeiture action or an outstanding lien. United States v. Premises Known as 608 Taylor Ave., Apartment 302, 584 F.2d 1297, 1302 (3d Cir. 1978); see also United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004); Chambers, 192 F.3d at 376. The order of restitution in Wallace's case constitutes a lien in favor of the United States on all of his property. See 18 U.S.C. § 3613(c);[1] Lavin v. United States, 299 F.3d 123, 127 (2d Cir. 2002). Because the money that Wallace wants returned is subject to a lien under a valid order of restitution, he is not entitled to its return. See United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)("[A] valid restitution order under the VWPA gives the government a sufficient cognizable claim to defeat a defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order.") Rather, the government may use the cash seized from Wallace to

---

[1] 18 U.S.C. § 3613(c) provides in relevant part:

> [A]n order of restitution made pursuant to section[ ] . . . 3663 . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

(citation omitted).

3

satisfy the restitution order.

In sum, we readily conclude that the District Court correctly denied Wallace's motion for return of the $2,153 that was seized when he was arrested. Because his appeal lacks merit, we will dismiss it under § 1915(e)(2)(B).