NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4167
_____

UNITED STATES OF AMERICA

v.

NATHANIEL PITTS,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-10-cr-00703-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2012

Before:  SLOVITER, RENDELL and HARDIMAN, Circuit Judges

(Opinion Filed: September 20, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Nathaniel Pitts was convicted of five drug, firearm, and ammunition

possession charges.  Pitts's appeal raises two issues: whether the District Court erred in

denying his motion to suppress evidence, and whether the government provided sufficient

evidence to prove that Pitts possessed a firearm in furtherance of his drug-trafficking

crimes in violation of 18 U.S.C. § 924(c)(1). For the reasons set forth below, we will affirm Pitts's convictions.[1]

## I.

Pitts's first argument is that the District Court erred when it denied his motion to suppress physical evidence. Pitts argues that the police did not have the requisite reasonable suspicion to conduct the initial *Terry* stop that led to his arrest and that this defect also tainted the subsequent searches of his cars, residence, and bank account.

We find that the initial stop, and the subsequent arrest and searches, all were justified under applicable law. We review a district court's denial of a suppression motion for clear error as to the underlying factual findings and exercise plenary review of a district court's application of the law to those factual findings. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

First, the authorities had reasonable suspicion to believe that Pitts was engaged in a drug crime and, therefore, to stop him. The Supreme Court has repeatedly recognized that reasonable suspicion that justifies a *Terry* stop may arise from one or several factors, including information from a reliable source, observation of suspicious behavior, and investigative inferences made by an officer with experience and specialized training. *United States v. Nelson*, 284 F.3d 472, 478 (3d Cir. 2002) (citing *Alabama v. White*, 496 U.S. 325, 332 (1990); *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Cortez*, 449 U.S. 411, 418-19 (1981)).

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

In this case, the officers had received a detailed tip from a reliable confidential source that Pitts was dealing drugs and that he stored drugs in hidden compartments in his car. Through aerial surveillance of Pitts's street, officers observed Pitts circling the block in his car, in what they reasonably believed was a countersurveillance tactic. They also saw Pitts pull into a convenience store parking lot, where a vehicle pulled up behind Pitts's car, the driver entered the passenger side of Pitts's car, and the two remained there for approximately sixteen minutes. Based on the officers' experience with and knowledge of drug transactions, they reasonably suspected that Pitts and the other driver were engaged in such illegal conduct.

Second, the officers were also justified in arresting Pitts. During the course of a *Terry* stop, reasonable suspicion can escalate to probable cause, justifying an arrest. *United States v. McGlory*, 968 F.2d 309, 343 (3d Cir. 1992). After the initial stop, but before requesting a drug-sniffing dog, the officers were informed that the person they saw Pitts meeting with in the parking lot led police on a high-speed chase, deepening their suspicions that Pitts had engaged in a drug transaction. In addition, the officers observed, first hand, Pitts's nervous demeanor, especially when the DEA agent identified himself and called Pitts by name. These facts, along with the information the officers had about Pitts before the stop, established probable cause for his arrest.[2] *See Illinois v. Gates*, 462

---

[2] Pitts argues that his Fourth Amendment rights were also violated when he was detained for approximately two hours, waiting for the K-9 unit to arrive on the scene. Because we hold that the officers had probable cause to arrest Pitts, we need not consider whether police detained him for longer than necessary.

U.S. 213, 243-44 (1983) (finding an anonymous letter corroborated by investigation and an officer's knowledge of the pattern of drug-trafficking behavior was sufficient to constitute probable cause).

Third, the same facts that justified Pitt's arrest also gave the officers probable cause to believe Pitts's car contained evidence of a drug-trafficking transaction and, therefore, to support the warrant they acquired to search his car. Moreover, the large quantities of cocaine and cash the officers found in Pitts's car also provided sufficient facts to support a warrant for the search of Pitts's residence, which in turn yielded ample evidence to justify the subsequent warrants for and searches of his bank account and other vehicles.

Accordingly, we will affirm the District Court's denial of Pitts's motion to suppress.

## II.

Pitts also argues that the government failed to produce sufficient evidence to support his conviction for possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1). We disagree. We apply "a particularly deferential standard" in reviewing whether the jury's decision rested on legally sufficient evidence in convicting Pitts under § 924(c)(1). *United States v. Dent,* 149 F.3d 180, 187 (3d Cir. 1998). "We must credit all available inferences in favor of the government," *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003), and "sustain the verdict if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *Dent*, 149 F.3d at 187 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

4

To establish a § 924(c)(1) violation, the government must prove that (1) Pitts committed at least one of the crimes of possession of a controlled substance with the intent to distribute; and (2) Pitts knowingly possessed a firearm in furtherance of that crime. *See* Third Circuit Model Criminal Jury Instructions, § 6.18.924A (2010).

Because Pitts has not challenged his drug-possession charges on appeal, he has effectively conceded that the government provided sufficient evidence to prove his those charges. Furthermore, Pitts does not argue that he did not possess a firearm. He contends only that the government failed to prove that his possession of the relevant firearm was *in furtherance* of his drug-trafficking crimes.

In *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004), this court listed eight non-exclusive factors to be considered in determining whether a weapon was possessed *in furtherance* of a drug crime: "the type of activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."

Applying the above factors to this case, it is evident that Pitts's possession was in furtherance of a drug crime. Pitts's conviction was based on the handgun that officers found in his residence while conducting a search pursuant to a valid warrant. The evidence at trial, which has not been contested on appeal, showed that the amounts of cocaine, crack cocaine, and marijuana found in Pitts's vehicle and residence, in addition to the kilo press, scale used to weigh cocaine, and other drug trafficking paraphernalia found in Pitts's residence, established an intent to distribute drugs. The gun at issue was

5

a handgun, meaning it was easy to carry and conceal. The handgun was fully loaded, and was found under a table in his living room, approximately ten feet from the front door, steps from his kitchen where crack cocaine and marijuana were found, and in the same room as a bag containing over $80,000 in cash. Furthermore, Pitts is a prior felon who may not legally possess such a firearm. All of this evidence supports Pitts's § 924(c)(1) conviction. *See id.* at 854 (affirming conviction where a loaded firearm, along with marijuana and money, was found underneath the floor tiles of defendant's store in a concealed compartment); *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2009) (finding the firearm at issue was in furtherance of drug trafficking because the gun was loaded, owned by defendant, illegally possessed, and found in defendant's apartment where a substantial amount of drugs and money were also found); *United States v. Luciano*, 329 F.3d 1, 3-6 (1st Cir. 2003) (affirming conviction where a firearm and drugs were found in the crawlspace of a ceiling, which required the defendant to stand on a chair to gain access).

Thus, we find that the evidence presented by the government was more than sufficient to support Pitts's § 924(c)(1) conviction for possession of a firearm in furtherance of a drug-trafficking felony.

### III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.