**ALD-303**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1559
_____

UNITED STATES OF AMERICA

v.

NATHANIEL PITTS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-10-cr-00703-001)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Consideration
of a Certificate of Appealability under 28 U.S.C. § 2253(c)(1), and Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 24, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit  Judges

(Opinion filed:  September 5, 2014 )
_____

OPINION
_____

PER CURIAM

     After a federal jury found Nathaniel Pitts guilty of multiple drug and weapons

charges, his counsel filed a post-trial motion seeking a new trial or judgment of acquittal

under Rules 29 and 33 of the Federal Rules of Criminal Procedure.  The District Court

denied that motion and entered judgment against Pitts. Pitts, though still represented by counsel, then filed pro se a "motion for reconsideration of post conviction relief," purportedly under Rule 59(e) of the Federal Rules of Civil Procedure. Pitts argued that the District Court should reconsider his post-trial motion because his counsel omitted a claim of alleged prosecutorial misconduct concerning a recording that Pitts claimed to have made with his cell phone. Pitts also filed a notice of appeal from his judgment, and the District Court denied his motion for reconsideration for lack of jurisdiction in light of Pitts's appeal. We affirmed Pitts's criminal judgment. See United States v. Pitts, 497 F. App'x 252 (3d Cir. 2012).

Shortly thereafter, Pitts filed with the District Court a motion to reopen his motion for reconsideration, this time relying on Rule 60(b). Before the District Court ruled on that motion, Pitts also filed a motion under 28 U.S.C. § 2255 for relief from his conviction. Pitts alleges in his § 2255 motion, as he did in his motion for reconsideration, that his counsel rendered ineffective assistance by failing to raise in his post-trial motion the claim of prosecutorial misconduct referenced above. Pitts's § 2255 motion remains pending. The District Court later denied Pitts's motion to reopen and explained, inter alia, that Pitts's pro se motion for reconsideration had been improper because Pitts was represented by counsel. Pitts appeals.[1]

---

[1] No certificate of appealability is required for this appeal because it is not an appeal of "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Pitts's appeal is timely under the deadline applicable to civil cases but not the deadline applicable to criminal cases. See Fed. R. App. P. 4(a)(1)(B)(i), 4(b)(1)(A). We need not

Pitts argues that the District Court should have asserted jurisdiction to decide his motion to reconsider the denial of his post-trial motion, but the civil rules on which he relies do not apply to his criminal post-trial motion and he has raised nothing suggesting that hybrid representation was permissible or appropriate. In any event, Pitts's claim of ineffective assistance constitutes a collateral attack on his conviction, and such claims generally must be reserved for § 2255 proceedings. See United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008). Pitts has now filed a § 2255 motion raising this claim (among others). Pitts has provided no reason why this claim cannot or should not be decided in the context of his § 2255 motion, and we perceive none.[2] We express no opinion on the merits of this claim, but it is now pending before the District Court in the proper procedural posture and the District Court can rule on it in due course.

For these reasons, we will affirm the judgment of the District Court.

---

decide which deadline applies to Pitts's appeal from the denial of his motion to reopen under civil Rule 60(b) because the deadline applicable in criminal cases is not jurisdictional and the Government has not sought to enforce it. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Thus, we have jurisdiction under 28 U.S.C. § 1291 over the District Court's post-judgment order. The District Court's order also denied Pitts's motion for "summary judgment," but Pitts has not mentioned that ruling in his notice of appeal and there is no basis to disturb it in any event.

[2] Although issues concerning Pitts's § 2255 motion are beyond the scope of this appeal, we note that his § 2255 motion appears to be timely and that the Government has not argued otherwise in response.

3