**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3279

_____

UNITED STATES OF AMERICA

v.

NATHANIEL PITTS,
                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00703-001)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  February 1, 2016)

_____

OPINION*

_____

PER CURIAM

     Nathaniel Pitts appeals pro se from the District Court's orders denying his motion

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for the return of property under Fed. R. Crim. P. 41(g) and denying his motion for reconsideration of that ruling. We will vacate the District Court's orders and remand for further proceedings.

I.

Pitts is serving a federal prison sentence imposed for various drug and weapons convictions. See United States v. Pitts, 497 F. App'x 252 (3d Cir. 2012). At issue here is a Rule 41(g) motion that Pitts filed seeking the return of various items of property that he alleges the Government seized from his automobiles and his house. The property in question consists of two cellular phones and $205 in currency allegedly seized from Pitts's GMC Envoy and the other property noted in the margin.[1]

The Government responded with a declaration by Frank Costobile, who is a Special Agent with the Drug Enforcement Administration ("DEA"). Agent Costobile stated that he reviewed the DEA's records and that, with the exception of a passport and certain checks that the Government already had returned to Pitts's girlfriend, the DEA had no record of ever taking possession of any of the items sought by Pitts.

The next day, and without giving Pitts an opportunity to reply to Agent Costobile's declaration or the Government's response, the District Court denied Pitts's Rule 41(g) motion in a summary order that merely referenced them. Pitts later filed a reply to the Government's response along with a motion for reconsideration. Pitts

---

[1] The other items are an air pump, jumper cables, barber clippers with an apron, a basketball, a gym bag with workout clothing, a tool set, an iPod, an additional $200 in currency, a black leather jacket, dress shoes and an outfit, a DVD player, 20 DVDs, and Pitts's passport and check books.

2

attached evidence suggesting that the Government may indeed have taken possession of his two cellular phones and $205 in currency. After receiving Pitts's reply, the Government requested additional time to respond. The Government also notified the District Court that "government counsel has requested DEA agents assigned to this case to make further attempts to locate any of the defendant's property and/or determine the disposition of such property." (ECF No. 161.)

Rather than await the results of the Government's investigation and the Government's response, the District Court denied Pitts's motion for reconsideration the following day. The District Court did so without acknowledging any of Pitts's evidence or the fact that the Government itself was continuing to investigate the matter. Pitts now appeals pro se from the District Court's orders.

## II.

A Rule 41(g) motion for the return of property is an independent civil action for equitable relief. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999) (addressing former Rule 41(e)). If a defendant files such a motion after the conclusion of criminal proceedings, the burden is on the Government to "demonstrate that it has a legitimate reason to retain the property." Id. at 377. "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004). Thus, in addressing Rule 41(g) motions, the District Court generally must undertake at least some inquiry into whether the Government retains possession of the property and why. See Chambers, 192 F.3d at 377-78; see also Albinson, 356 F.3d at 281-82, 284 n.9

3

(summarizing district courts' obligations under Chambers and to pro se litigants); Fed. R. Crim. P. 41(g) (providing that the District Court must "receive evidence on any factual issue necessary to decide the motion"). We review the District Court's resolution of such motions for abuse of discretion. See Chambers, 192 F.3d at 376.[2]

In this case, the District Court erred by failing to reconsider its order denying Pitts's motion because Pitts, who had no prior opportunity to respond to Agent Costobile's declaration, presented evidence calling that declaration into question and raising factual issues that the District Court should have addressed. Indeed, the Government itself appeared to recognize as much because it notified the District Court that its investigation was continuing and requested an opportunity to file an additional response. The District Court provided no explanation for instead summarily denying reconsideration in the face of the Government's request. If the District Court had awaited the Government's response, then it could and should have resolved factual disputes that the parties raised and that are continuing even on appeal.

For example, the Government initially relied on Agent Costobile's declaration in arguing that it never seized or possessed Pitts's two cellular phones. On appeal, however, the Government asserts that its continuing investigation has revealed that it does in fact possess those cellular phones as Pitts alleged. That assertion both undermines the District Court's reliance on Agent Costobile's declaration and gives rise to a separate factual

---

[2] Motions for reconsideration are appropriately filed in Rule 41(g) proceedings, see United States v. Bein, 214 F.3d 408, 410, 416 (3d Cir. 2000), and we review the denial of such motions for abuse of discretion as well, see Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291.

issue. For the first time on appeal, the Government argues that it is permitted to retain Pitts's cellular phones for any evidentiary issues that may arise from his continued filings in the District Court. Pitts argues in his reply brief that it is not necessary for the Government to retain the cellular phones because an expert downloaded all of the information from those phones and because the Government possesses that information as well. Pitts also has attached evidence to that effect. Thus, whether the Government has a legitimate reason to retain the two cellular phones that it now concedes it possesses is a disputed factual issue that the District Court should resolve in the first instance.

The parties' filings reveal one other disputed factual issue as well. Pitts sought the return of $205 in currency that he claims the Government seized, but the Government argued on the basis of Agent Costobile's declaration that it never seized the currency. Pitts attached to his reply in the District Court an arrest report stating that a Police Officer Brady seized the $205 that Pitts is seeking. The District Court did not address that evidence, and the parties have raised additional factual issues concerning the $205 on appeal. The Government argues on appeal that Officer Brady's arrest report does not show that the DEA itself took possession of the $205. Pitts counters with evidence in the form of Officer Brady's testimony at trial that he gave everything he recovered to a DEA agent. Thus, Pitts's request for the return of the $205 in currency also raises factual issues that the District Court should resolve.

We will remand for the District Court to address in the first instance these factual issues and any others necessary to decide Pitts's Rule 41(g) motion. In that regard, we have held that "[t]he District Court must hold an evidentiary hearing on any disputed

5

issue of fact necessary to the resolution of the [Rule 41(g)] motion." <u>Chambers</u>, 192 F.3d at 378. We later clarified that <u>Chambers</u> does not require a hearing to resolve every factual dispute and that "affidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination" in an appropriate case. <u>Albinson</u>, 356 F.3d at 282.

We leave it to the District Court to determine whether a hearing is necessary or whether such documentary evidence as has been or may be presented may prove sufficient to resolve the parties' factual disputes.

III.

For these reasons, we will vacate the District Court's orders and remand for further proceedings. We express no opinion on the merits of Pitts's Rule 41(g) motion.

6