**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1506
_____

CARL CRAWFORD,
                                        Appellant

v.

VITO D. ROSELLI; RICHARD B. MARX;
THOMAS SCANZANO, individually and in their official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05088)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Filed: February 5, 2016)
_____

OPINION*
_____

PER CURIAM

Carl Crawford, proceeding pro se, seeks review of the District Court's order

granting the defendants' motion to dismiss a civil rights action on the ground that it was

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed beyond the applicable statute of limitations. For the following reasons, we will affirm.

On January 16, 2003, FBI agents arrested Crawford in connection with the robbery, earlier that day, of a Commonwealth Bank branch in Philadelphia, Pennsylvania. Although agents searched Crawford, they did not detect $1430 in cash that was located in the pocket of his sweatpants. While being transported in an FBI car, Crawford concealed the money in the rear seat fold of the vehicle. The FBI did not discover the cash until June 2003. At trial, the Government presented evidence that Crawford hid the $1430 in the car and that it was contraband from the robbery. Crawford was acquitted of all bank robbery-related counts on January 14, 2004.

Crawford was also charged with being a felon in possession of a firearm and possession with intent to distribute cocaine. These charges stemmed from the discovery of a gun and illegal drugs at Crawford's apartment during the execution of a search warrant the day after the bank robbery. The drug and firearms charges were included in the same indictment as the bank robbery charges, but were later severed for prejudice purposes. In March 2004, a jury in a second trial found Crawford guilty of the drug and firearms offenses. Following a sentencing hearing, judgment was entered on November 5, 2004.

In April 2010, Crawford filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure, specifically requesting that the Government return the $1430 to him. On December 10, 2012, Crawford received a letter from the Government notifying him

that the money had been given to Commonwealth Bank. The Government expanded on this explanation in its response to the Rule 41(g) motion, indicating that the $1430 had been delivered to an employee of Commonwealth Bank in March 2004 without being administratively forfeited. Several months later, the District Court held that Crawford's Rule 41(g) motion was properly filed within the applicable six-year statute of limitations and that an evidentiary hearing was required to resolve disputed facts. United States v. Crawford, 2013 WL 1442554, at *5 (E.D. Pa. Apr. 8, 2013). Following that evidentiary hearing, the District Court stated that "the Government has not demonstrated that Crawford intended to abandon the currency." Proceeding, then, on the assumption that "Crawford continues to have a property interest in the currency," the District Court nevertheless denied relief, holding that "[b]ecause the Government is no longer in possession of the $1430 in currency, Crawford's Rule 41(g) motion is not properly before the Court . . . ." United States v. Crawford, E.D. Pa. Crim. No. 03-cr-00105 (Dist. Ct. Dkt. No. 343, pp. 1-2); see United States v. Bein, 214 F.3d 408, 416 (3d Cir. 2000) (noting that return of seized property is the only remedy available under Rule 41(g)). The District Court noted, however, that "should Crawford decide that he wishes to pursue his claim further, he may elect to file a Bivens action for damages, . . . but the Court does not make any findings regarding the potential merits of such an action." United States v. Crawford, E.D. Pa. Crim. No. 03-cr-00105 (Dist. Ct. Dkt. No. 343, p. 2).

In August 2013, Crawford filed the present action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the

3

defendants "misappropriate[d] funds belonging to [him]." The defendants filed a motion to dismiss, arguing, inter alia, that the complaint was barred by the governing statute of limitations. The District Court agreed that Crawford's <u>Bivens</u> action was time-barred and that he was not entitled to equitable tolling. Crawford appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting the defendants' motion to dismiss, <u>Weston v. Pennsylvania</u>, 251 F.3d 420, 425 (3d Cir. 2001), and we may affirm on any basis supported by the record. <u>Fairview Township v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Crawford essentially alleged that the defendants' seizure of the currency violated his Fourth Amendment rights. A warrantless seizure of property does not violate the Fourth Amendment where the owner has abandoned his reasonable expectation of privacy in that property. <u>Abel v. United States</u>, 362 U.S. 217, 241 (1960). The determination whether property has been abandoned is made from an objective viewpoint. <u>United States v. Fulani</u>, 368 F.3d 351, 354 (3d Cir. 2004). Proof of intent to abandon must be established by clear and unequivocal evidence, and we look at the totality of the facts and circumstances in making such a determination. <u>Id.</u> Generally, "disclaiming ownership or physically relinquishing the property is sufficient to establish abandonment." <u>United States v. Harrison</u>, 689 F.3d 301, 307 (3d Cir. 2012) (citing <u>United States v. Liu</u>, 180 F.3d 957, 960 (8th Cir. 1999)). But "abandonment will not be

4

recognized when it is the result of illegal police conduct." United States v. Brady, 842 F.2d 1313, 1315 n.7 (D.C. Cir. 1988).

Although Crawford was acquitted of the bank robbery charges, he does not allege – and there is nothing in the record to suggest – that his arrest was illegal. In addition, at trial, Crawford disclaimed ownership of the currency. In addition, he previously admitted that he was the person who "stuffed the [$1430] in the rear seat" of the FBI car. Aff. in Supp. of Mot. for Summ. J., p. 9 of 11, filed in United States v. Crawford, E.D. Pa. Crim. No. 03-cr-00105 (Dist. Ct. Dkt. No. 307). Based on these assertions at trial and in the 41(g) proceedings, there are no disputed facts. Therefore, we conclude as a matter of law that Crawford abandoned any reasonable expectation of privacy he had in the currency when he attempted to hide it in the FBI vehicle.[1] See United States v. Ienco, 182 F.3d 517, 529 n.12 (7th Cir. 1999) (stating that "[w]hen evidence left by a defendant has been discovered in a police car following a legal arrest or detention, courts have held that the evidence was voluntarily abandoned."); see also United States v. Rohm & Haas Co., 2 F.3d 1265, 1269 (3d Cir. 1993) (stating that review is plenary where "there are no

---

[1] As noted above, District Court assumed in the Rule 41(g) proceedings that Crawford "continues to have a property interest in the currency." See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."). We are not bound by that statement, however, because it was not "essential to the prior judgment" that Crawford could not proceed under Rule 41(g) after the Government delivered the currency to Commonwealth Bank. Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231 (3d Cir. 1995) (describing requirements for issue preclusion).

5

disputed facts on appeal and the resolution of the case turns exclusively on matters of law"). Accordingly, the District Court properly rejected his <u>Bivens</u> claim.

For these reasons, we will affirm the District Court's judgment.