**BLD-211**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1902
_____

IN RE: CLARENCE WALLACE,
                                                                                       Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Cr. No. 2-02-cr-00197-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 4, 2022

Before: MCKEE[1], GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed January 9, 2023)
_____

OPINION[*]
_____

PER CURIAM

Clarence Wallace petitions this Court for a writ of mandamus pursuant to 28

U.S.C. § 1651.  For the following reasons, we will deny the petition.

In 2001, Wallace was convicted of multiple federal crimes related to his

participation in the armed robbery of two banks.  The District Court denied his numerous

_____

[1] Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

post-conviction motions and sentenced Wallace to 960 months' imprisonment. Wallace

subsequently filed a motion pursuant to Fed. R. Civ. P. 60(b) alleging fraud on the Court,

which the District Court denied for lack of jurisdiction. This Court affirmed his

judgment of conviction and the denial of his post-judgment motions on direct appeal.

See United States v. Wallace, 135 F. App'x 527 (3d Cir. 2005). In our opinion, we

agreed with the Government that

> Wallace has, in numerous letters to the district court and this
> Court, in complaints to the bar association, and in his motions,
> made facially absurd allegations that government counsel, the
> case agent, and his trial counsel are 'corrupt law handlers'
> involved in the creation of evidence and the subornation of
> perjury. He claims this 'conspiracy' to subvert justice was
> aided by post-trial counsel, appellate counsel, and, apparently,
> even the trial judge.

Id. at 528. We further noted that he had levied "a litany" of "conclusory and

unsubstantiated, indeed fantastic and patently frivolous" claims against his appellate

counsel. Id. (quotation marks omitted).

Wallace next filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255,

which the District Court denied, noting that he continued with his "patently frivolous"

allegations that "the pre-trial and trial process were corrupt." See ECF No. 154. We

declined to issue a certificate of appealability. C.A. No. 06-1943.

Before us now is Wallace's mandamus petition, which is replete with the same

fantastical allegations of a wide-ranging conspiracy to convict him and far-fetched claims

of prosecutorial, attorney, and judicial misconduct. There is no basis in the petition for

granting this extraordinary remedy. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985)

2

(recognizing that issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only).

Wallace alleges that some of his motions are "still pending" and have not been adjudicated or "settled" by the District Court. Although "an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), Wallace fails to point to any specific motion that remains pending before the District Court, nor is one evident from a review of the docket. To the extent that Wallace complains that the District Court failed to fully address his claims in his motions, he could have raised those arguments on direct appeal or in his motion for a certificate of appealability. See id. at 77 (recognizing that mandamus cannot be used as a substitute for an appeal).

And to the extent Wallace is challenging his federal convictions or sentence, mandamus is not the proper vehicle for doing so. Instead, he must comply with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h). See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014) (Pryor, J., concurring); cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). Wallace should be familiar with those procedures by now. See, e.g., In re Wallace, C.A. Nos. 10-2450, 16-2595, & 16-2855; see also USA v. Wallace, C.A. No. 14-3039, Order entered Jan. 21, 2015 (construing a COA request as a § 2244 application).

Accordingly, we will deny the petition for a writ of mandamus.

3