**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4592
_____

UNITED STATES OF AMERICA

v.

THEODORE YOUNG, SR.,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00056-016)
District Judge: Honorable Laurence F. Stengel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2011

Before:  FUENTES, GREENAWAY, JR., AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2011)

_____

OPINION
_____

PER CURIAM

Theodore Young, Sr., appeals from an order of the District Court denying his

motion for the return of property.  We will affirm.

In June 2002, as part of an ongoing narcotics investigation, federal agents

1

executed a search warrant at a residence shared by Young and Karen Laroda. As part of the search, the agents seized Young's car and $1,546 from his person. Young would go on to be one of several defendants convicted in connection with this investigation, but in January 2003, before his indictment, the property seized was administratively forfeited. More than seven years later, Young filed a motion for the return of the seized property.

In response to Young's motion, the government submitted evidence that it had twice mailed notice of the seizure and intent to forfeit the money and the car to Young at the address that he shared with Laroda. Although Young signed the return receipt for one of the notices regarding the car, he did not do so for the money. In addition, the government twice mailed notice of the seizure and intent to forfeit the money to Lorada, who signed one of the return receipts. The government also claimed that it had published notice of the seizure in The New York Times for three consecutive weeks. The District Court found that Young had received adequate notice of the forfeiture proceedings and denied his motion for the return of the property. Young appealed.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review a District Court's denial of a motion for return of property for abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). "The District Court abuses its discretion where its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 147 (3d Cir. 2008) (internal quotation and citation omitted).

In its brief, the Government claims, for the first time in the proceedings, that the District Court was without jurisdiction to entertain the motion because Young filed it more than five years after the property had been forfeited. See 18 U.S.C. § 983(e)(3). The government claims that, because this time limit is statutory, it is a jurisdictional rule. See Bowles v. Russell, 551 U.S. 205, 212 (2007). However, this argument overlooks the fact that there is a rebuttable presumption that federal statutes of limitations are not jurisdictional. Santos v. United States, 559 F.3d 189, 194 (3d Cir. 2009), quoting Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 95-96 (1990). We see no reason to conclude that that presumption does not apply to § 983(e)(3). Thus, the government's argument is no more than a statute-of-limitations defense, which it waived by not raising it in the District Court.

Young argues that the District Court erred by (1) finding that he had received adequate notification of the forfeiture proceedings, (2) failing to conduct an evidentiary hearing, and (3) considering the government's untimely response to his motion, while purportedly refusing to consider his timely filings. He asks that the case be remanded and another District Judge assigned "to preserve the appearance of justice and fairness." We conclude that the District Court did not abuse its discretion in denying Young's motion.

Notice of administrative forfeiture proceedings must be published for three consecutive weeks in a newspaper of general circulation and sent to all parties appearing to have an interest in the seized property. 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75. The government must provide this notice within sixty days of the date of seizure. 18 U.S.C. §

3

983(a). The government is not required to demonstrate that it provided actual notice of the proceedings. Rather, due process requires only that "the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action." Dusenbery v. United States, 534 U.S. 161, 170 (2002).

Young argues that the written notice for the forfeiture of the money was inadequate. Because Laroda, and not Young himself, signed the return receipt for the notice of the forfeiture of the money, he claims that the government attempted to serve him through a third party in violation of our decision in United States v. McGlory, 202 F.3d 664 (3d Cir. 2000) (en banc). However, the government did not attempt to use Laroda as a conduit for serving notice to Young, as the government used the marshals to serve the defendant in McGlory. Instead, the government issued notices to both Laroda and Young. Separate notices were mailed to both of them at the address that they shared. This was the same address used to send the notices—one of which Young signed— regarding the car. Thus, the District Court's conclusion that the written notice of the forfeiture proceedings was adequate was not an abuse of discretion.

Young next argues that the government's publication notice was improper because the New York Times is not a local newspaper. This argument misses the mark. The government must publish "in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought." 21 C.F.R. § 1316.75(a). The New York Times is a nationally distributed newspaper that is generally circulated all over the country. Thus, the District Court did not abuse its discretion in rejecting this argument. See also United States v. Robinson, 434 F.3d 357, 367 (5th Cir. 2005) (concluding that

4

publication in the New York Times satisfied the publication requirement for administrative forfeiture proceedings conducted in Texas).

Young also claims that the government submitted false evidence because the notice of forfeiture for the car is dated September 24, 2002, while the return receipt that he signed is stamped with the date October 22, 2002. This claim is meritless. Both the notice and the signed return receipt indicate the same seizure number. Thus, the District Court did not abuse its discretion when it concluded that this was evidence that Young had received notice of the proceedings.

Young's remaining arguments require little discussion. He offers no support for his assertion that the District Court should have conducted an evidentiary hearing. A District Court is not required to conduct an evidentiary hearing for every motion to return property. United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004). Where the parties submit documentary evidence, as was the case here, and there are no disputed facts, the District Court need not conduct a hearing. Id. at 282, quoting United States v. Chambers, 192 F.3d 374, 378 (1999). He also argues that the District Court erred in considering the government's untimely filings. However, the district court rule states, "[i]n the absence of timely response, the [relevant] motion *may be* granted as uncontested." E.D. Pa. L. R. Civ. P. 7.1(c) (emphasis added). The rule does not entitle Young to have his motion granted solely because the government filed an untimely response. His claim that the District Court did not consider his timely filings is equally unavailing. Although the District Court's order does not specify that it considered Young's reply to the government's response, there is no indication that the District Court failed to do so.

5

Moreover, the arguments made in Young's reply were duplicative of the ones that he had advanced in his earlier filings. Finally, since there is no need to remand this case, we need not consider Young's claim that a new District Judge should be assigned to preside over his case.

Accordingly, we will affirm the judgment of the District Court.