Norman Detric LEE, Plaintiff,

v.

U.S. POSTMASTER GENERAL, Defendant.

Case No: 6:15–cv–2113–Orl–18GJK

United States District Court, M.D. Florida, ORLANDO DIVISION.

Signed March 30, 2016

Daniel Newton Brodersen, Brodersen Law Firm, Orlando, FL, for Plaintiff.

Holly L. Gershow, U.S. Attorney's Office, Tampa, FL, for Defendant.

## ORDER

G. KENDALL SHARP, SENIOR UNITED STATES DISTRICT JUDGE

THIS CAUSE comes for consideration on Plaintiff Norman Detric Lee's ("Lee") Verified Motion to Set Aside Forfeiture (Doc. 1), to which the United States Postmaster General (the "United States") responded in opposition (Doc. 7), and Lee replied (Doc. 10). For the reasons that follow, Lee's motion will be denied.

This case concerns $68,587.00 in United States currency (the "Subject Currency") that was seized by agents of the United States Postal Inspection Service on May 29, 2014. (Doc. 1 at 1.) On May 28, 2014, Lee was arrested by the Orlando Police Department and immediately transported to the Orange County Correctional Facility, where he was detained until his release on or about May 31, 2014. (*Id.*) Subsequently, on May 29, 2014, the Subject Currency was seized from 13379 Glacier National Drive, # 206 in Orlando, Florida (the

"Glacier Address"), the same location where Lee was arrested. (*Id.*) Lee avers that he has not returned to the Glacier Address since his arrest on May 28, 2014, and that he immediately relocated to California upon his release from the Orange County Correctional Facility on May 31, 2014. (*Id.* at 1–2.) On October 20, 2014, Lee was charged in state court with one count of felony possession of cannabis stemming from his May 28, 2014 arrest; however, said charge was dismissed on April 10, 2015. (*Id.* at 2.) On December 17, 2015, Lee filed his Verified Motion to Set Aside Forfeiture (Doc. 1), wherein he requests the court to set aside the administrative forfeiture of the Subject Property pursuant to 18 U.S.C. § 983. (*Id.* at 1.)

■ Pursuant to 18 U.S.C. § 983(e):

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

> A. the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> B. the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e). Indisputably, "individuals whose property interests are at stake due to government actions are entitled to notice of the [forfeiture] proceedings and an opportunity to be heard." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir.2005). "The notice necessary to satisfy due process requires only that interested persons be given 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1196–97. (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The government is obligated to take reasonable steps to provide interested parties with actual notice; however the government is not required to demonstrate that it was successful in providing actual notice. *Id.* at 1197 (citing *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)).

■ Lee acknowledges that "[o]n June 26, 2014 and June 30, 2014, the United States Postal Inspection Service purportedly mailed correspondence to [Lee] via certified mail (return receipt requested) at [the Glacier Address] notifying [Lee] of the seizure and proposed administrative forfeiture of the [Subject Currency] and explaining [Lee's] rights to claim the funds or to file a petition for remission or mitigation." (Doc. 1 at 2; *see* Doc. 1–1.) Lee argues that such notice is insufficient because he did not personally receive written notice, and the United States did not make reasonable efforts to personally provide Lee with notice. (Doc. 10 at 2.) Lee also avers that the United States knew of Lee's interest in the Subject Currency and that he did not know or have reason to know of the seizure of the Subject Property within sufficient time to file a timely claim. (*Id.*) However, Lee does not contest that the United States sent notice of the administrative forfeiture of the Subject Property via first class and certified letters to the Glacier Address, the same location that Lee reported as his residence when he was arrested. (*See* Doc. 7 at 3; Doc. 7–2 ¶ 4.) Lee also does not dispute that said letters were signed for by Lee's girlfriend, nor does Lee aver that he was incarcerated at the time the notice letters were sent or

that Lee made efforts to apprise the United States that he no longer resided at the Glacier Address after his May 2014 arrest. (*See* Doc. 7 at 3; Doc. 7–2 ¶ 4.) Further, Lee does not contest the United States' averment that it published notice of the forfeiture of the Subject Property on forfeiture.gov for thirty days. (*See* Doc. 7 at 3; Doc. 7–2 ¶ 5.) After seizure of the Subject Property and upon receiving the certified mail receipts and publishing notice of the forfeiture, the United States reasonably concluded that Lee was put on notice of the forfeiture proceedings at issue in this case. *See United States v. Young*, 421 Fed.Appx. 229, 231 (3d Cir.2011) (notice was sufficient where sent to claimant's residence and signed for by third party); *see also Jennings v. Marrero*, No. 9:01CV0077(LEK/DEP), 2005 WL 1528759, at *3–4 (N.D.N.Y. June 28, 2005) (absent claim that agency knew that mailing to address would not reach claimant, there is no indication that agency acted unreasonably and "the likelihood that a party will learn of pending forfeiture proceedings on his own can be used in determining what notice is reasonable under the circumstances"). Regardless of whether Lee was being represented by counsel in state criminal proceedings at the time the United States sent the certified notices to Lee's last known address, due process does not require "the best possible method of notification." *Krecioch v. United States*, 221 F.3d 976, 981 (7th Cir.2000) ("[D]ue process requires only that the government reasonably believed that notice would be likely to reach [the interested party].") (citations omitted). In the instant case, the United States made sufficient, reasonable efforts to apprise Lee of the administrative seizure and forfeiture of the Subject Currency. Through its efforts, the United States provided notice that was reasonable and comported with statutory and due process requirements.

*See Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir.2005) ("Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice) (citations omitted); *Krecioch*, 221 F.3d at 981 (forfeiture notices sent by certified mail to claimant's current address, received by his family members, and combined with newspaper publication, were sufficient).

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff Norman Detric Lee's Verified Motion to Set Aside Forfeiture (Doc. 1) is **DENIED**. The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this *30* day of March, 2016.